IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMIKHET EN MATTI, ) | |
| ) | |
| Petitioner, ) | 4:03cv3258 |
| ) | |
| vs. ) | PROGRESSION ORDER |
| ) | (Habeas Corpus) |
| ROBERT HOUSTON[1], ) | |
| ) | |
| Respondent. ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Amikhet En Matti, f/k/a Warren S. Coker. The respondent has filed: (a) filing no. 21, a Limited Response (limited to the petitioner's Claim No. 20); (b) filing no. 14, a Motion to Limit Response (in which he asserted affirmative defenses as to all of the petitioner's other § 2254 claims); and (c) the state court records (filing nos. 14 and 22). The petitioner has filed three Motions (filing nos. 27, 28, and 29) to depose persons who have knowledge of matters relevant to his criminal convictions. Also, in filing no. 30, the petitioner requests a favorable ruling on filing nos. 27, 28 and 29. In filing no. 32, the respondent opposes filing nos. 27, 28, 29 and 30.

**Background**

The petitioner is serving prison terms for second degree sexual assault on a child and sexual assault of a child. The decision of the Nebraska Court of Appeals on the petitioner's direct appeal is reported at State v. Coker, 2000 WL 943924 (Neb. App. 2000). The petitioner did not seek further review in the Nebraska Supreme Court on direct appeal. He later filed a postconviction action, which resulted in an unreported decision by the Nebraska Court of Appeals and a denial of further review by the Nebraska Supreme Court.

In filing no. 14, the respondent asked to be allowed answer only as to Claim No. 20 of the § 2254 petition, on the theory that all of the other § 2254 claims are subject to the affirmative defense of procedural default. According to the respondent, the other claims are barred as follows: The petitioner did not raise his § 2254 claims relating to venue "in a constitutional context" on direct appeal, and he did not seek further review in the Nebraska Supreme Court on direct appeal. As to the petitioner's claims relating to expert testimony at trial of inappropriate contact and sexual abuse, the respondent contends that the petitioner failed to raise such claims as federal constitutional claims on direct appeal,

---

[1] As requested in filing no. 31, Robert Houston is substituted for Harold W. Clarke as the respondent in this matter.

1

and the issues have never been presented to the Nebraska Supreme Court. The respondent makes the same arguments as to the petitioner's claims regarding false testimony, hearsay testimony, blood test evidence, Dr. Jacob's testimony, and insufficient evidence to support the convictions, as well as the claims of double jeopardy and deprivation of due process. Regarding the petitioner's claims of ineffective assistance of trial counsel, the respondent asserts that those claims have been found by the Nebraska Court of Appeals to be in procedural default. According to the respondent, only Claim No. 20 (ineffective assistance of appellate counsel) is not in procedural default.

## Procedural Default

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief.   Id. at 845.   Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief.  Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, No. 02-1913, __ F.3d __, 2005 WL 1322694 at *3 (8th Cir. June 6, 2003).

## Cause and Prejudice to Excuse Procedural Default

Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id. Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably

2

available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

## Claim No. 20

As stated, the respondent contends that all of the § 2254 claims raised in the petitioner's § 2254 petition are procedurally defaulted except Claim No. 20, which is subject to review under the deferential standard required by 28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are

presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the petitioner's Claim No. 20, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

### Briefs

Accordingly, the parties shall file briefs addressing the issues of procedural default, cause and prejudice to excuse any procedural default, the merits of the petitioner's claims, and the deferential standard of review required by 28 U.S.C. § 2254(d).

IT IS THEREFORE ORDERED:

1. That by August 5, 2005, the petitioner shall file a brief in support of his § 2254 claims and in reply to the respondent's affirmative defenses and limited response;

2. That by September 5, 2005, the respondent shall file a brief in response to the petitioner's brief;

3. That by September 30, 2005, the petitioner may, but is not required to, file a reply brief;

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs;

5. That filing nos. 27, 28, 29 and 30 are denied insofar as the petitioner seeks to take depositions and expand the record in this matter; and

6. That filing no. 31 is granted, and Robert Houston is substituted for Harold W. Clarke as the respondent in this case.

June 30, 2005.     BY THE COURT:

     s/ *Richard G. Kopf*
     United States District Judge