IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMIKHET EN MATTI, | ) | |
| Petitioner, | ) ) ) | 4:03cv3258 |
| vs. | ) ) | AMENDED PROGRESSION ORDER (Habeas Corpus) |
| ROBERT HOUSTON, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Amikhet En Matti, f/k/a Warren S. Coker. The parties have submitted briefs regarding the petitioner's Claim No. 20 pursuant to the respondent's "Limited Response" (filing no. 21), the court's Progression Order (filing no. 33) and various extensions of time granted thereafter. However, as the respondent points out (filing no. 44), after the Limited Response, the respondent has yet to respond to the remaining 19 claims asserted in the petitioner's § 2254 petition, except a general allegation that only Claim No. 20 (ineffective assistance of appellate counsel) is not in procedural default.

THEREFORE, IT IS ORDERED:

1. That, by **April 28, 2006**, the respondent shall file an Answer to the § 2254 petition on the merits of the petitioner's remaining 19 claims and any affirmative defenses to those claims, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended; a motion or limited response of any kind will not be acceptable in lieu of a comprehensive Answer to the § 2254 petition;

2. That, by **April 28, 2006**, the respondent shall also file a brief in support of all asserted affirmative defenses, e.g. procedural default, to the 19 claims;

3. That, by **May 31, 2006**, the petitioner shall file a brief in support of the petitioner's claims (any or all of the 20 claims asserted in the § 2254 petition); any claims which are not discussed in the petitioner's brief may be deemed abandoned;

4. That, by **June 30, 2006**, each party shall reply to the other's brief and may add any further information that party believes the court should consider; for example, the petitioner may wish to address the issues of cause and prejudice to excuse any procedural default; the respondent may wish to respond to the petitioner's arguments regarding the merits of the petitioner's 19 additional claims;

      5.     That the court has possession of the Nebraska Court of Appeals Transcript in Case No. A-01-237 and the Bill of Exceptions in <u>State v. Coker</u>, District Court of Sarpy County, Doc. CR9, No. 40 (3 volumes); if any other state court records are not in the court's possession, e.g., decisions by the Nebraska district and appellate courts, briefs by parties in the district and appellate courts, etc., those documents shall be delivered to the Clerk of Court by **April 28, 2006**;

      6.     That the petitioner has complained about delayed receipt of at least one previous brief from the respondent; therefore, counsel for the respondent shall ensure the petitioner's timely receipt of the briefs ordered herein; and if possible, shall obtain some sort of receipt upon delivery of the petitioner's copy of the respondent's briefs; and

      7.     That neither party should request a different sequence of briefs or any extension(s) of time.

April 4, 2006.                     BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge